**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4531**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CENTRAL A. GODBOLT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Roger  W.  Titus, District Judge. (8:06-cr-00515-RWT-1)

Submitted:  August 27, 2009        Decided:  September 15, 2009

Before WILKINSON  and  DUNCAN,  Circuit  Judges,  and  HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary  E.  Proctor,  LAW  OFFICES  OF  GARY  E.  PROCTOR,  L.L.C., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Gina L. Simms, Jonathan Su, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Central A. Godbolt was convicted after a jury trial of conspiracy to defraud the Government and commit theft of Government property, in violation of 18 U.S.C. § 371 (2006), and making false statements, in violation of 18 U.S.C. § 1001 (2006), and was sentenced to thirty-four months in prison. Godbolt timely appealed. Finding no error, we affirm.

Godbolt first argues that the court was not permitted to sua sponte add the two-level sentencing enhancement for Godbolt's leadership role in the offense, U.S. Sentencing Guidelines Manual § 3B1.1(c) (2007), because it was not included in the presentence report or requested by the Government. Godbolt concedes that the evidence was sufficient for the district court to conclude that he was the leader or organizer and to award the two levels; however, Godbolt argues that "the question is, rather, whether the district court should have plucked it from thin air sua sponte." We conclude that the district court fulfilled its obligation at sentencing to "correctly calculat[e] the applicable [g]uidelines range." Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 596 (2007). While the court was not required to give notice of its intent to add the enhancement, cf. Fed. R. Crim. P. 32(h) (requiring notice for possible sentence departure), the court recessed sentencing and allowed the parties to provide supplemental

2

briefing and prepare argument regarding the suggested enhancement. At the reconvened sentencing proceeding, the court heard argument from both sides and concluded that the evidence at trial established that Godbolt was the mastermind of the offenses. Thus, the court did not abuse its discretion in finding the two-level enhancement appropriate.

Godbolt next argues that the district court erred by failing to ensure that Godbolt understood his right to testify at trial. Godbolt concedes that this court has held that "the trial court does not have a sua sponte duty to conduct a colloquy with the defendant at trial to determine whether the defendant has knowingly and intelligently waived the right to testify." Sexton v. French, 163 F.3d 874, 881 (4th Cir. 1998). Further, Godbolt fails to suggest that he in fact did not understand the right, or that he would have testified if the court had informed him of it.

Finally, Godbolt argues that the district court erred when it refused his instruction to the jury explaining the "reasonable doubt" standard of proof. Godbolt concedes that this court has consistently held that a district court need not and should not define the term, "reasonable doubt," even at the request of a party. United States v. Smith, 441 F.3d 254, 270-71 (4th Cir. 2006); United States v. Williams, 152 F.3d 294, 298

3

(4th Cir. 1998). We discern no basis to revisit this established principle.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4